David P. Henry Attorney at Law 111 Center Street, Suite 1200 Little Rock, AR 72201
Dear Mr. Henry:
This is in response to your request for an opinion under the authority granted in A.C.A. 25-19-105(c)(3)(B) (Supp. 1987), a provision of the Arkansas Freedom of Information Act (FOIA). Specifically, you wish to know whether the release of the letters of resignation of two former employees of Pulaski County would constitute a clearly unwarranted invasion of personal privacy as prohibited by A.C.A. 25-19-105(10).
After reviewing the records in question, it is my opinion that the release of the letters of resignation will not constitute an unwarranted invasion of personal privacy, and that they are therefore available for public inspection and copying in accordance with the FOIA.
The records sought are the letters of resignation of Rhonda Auten and Betty Hudson, both of which were tendered on March 23, 1989. The content of each letter is similar but not identical. I will therefore respond to each letter separately.
Resignation of Rhonda Auten
This letter can basically be divided into two categories of content: 1) the general statement of resignation; and 2) the justifications for the decision to resign.
This office has previously opined that the type of information protected by the "invasion of privacy" exemption of the FOIA is that which reveals some intimate detail of an individual's private life. See, Opinion No. 87-115. This is a general standard that is easily applied if the information unquestionably relates to an employee's private life.
Clearly, then, a general statement of resignation which only details the intent to cease employment on a date certain does not reveal any intimate details of a person's private life.
The second category of information contained in Ms. Auten's letter is comprised of a general statement of justification and five (5) specific justifications. Again, applying the standard that protected information must reveal some detail of an individual's personal life, it is my opinion that the general statement and statements numbered one (1) through three (3) do not relate to Ms. Auten's personal life, but rather they are her subjective observations about her work atmosphere. Accordingly, I believe the aforementioned statements are subjective to public disclosure.
While the first three statements are of a non-personal nature, the status of the remaining two statements is not as easily determined. The remaining statements are arguably personal in nature, in that the comments reflect Ms. Auten's evaluation of the effect of her job on her life. Nevertheless, I do not believe that the information contained in the final two statements relate to Ms. Auten's personal life, based upon the following discussion.
Neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what kind of information is "personal". However, the court recently addressed the issue in McCambridge v. City of Little Rock, 298 Ark. 219[1] (1989).
There, the Court adopted a three-part test for determining if information kept by the government is personal in nature and should be kept from the public. Quoting the Georgetown Law Journal, the Court writes:
 "[P]ersonal matter" ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240
McCambridge, 298 Ark. at 230.
I believe that the same test adopted in McCambridge can be applied here.
Step one of the test concerns information desired to be kept secret and which has been kept secret. Here, the employee wishes the information to remain confidential as evidenced by your letter of request wherein you state as much. There is no indication in the information you present to indicate Ms. Auten has publicly related the information contained in statements four (4) and five (5).
Step two concerns the challenged government action. But for the release of the letter by the custodian of the record, presumably the information would not become part of the public domain — the employee would not volunteer the information to the public.
The third and final step necessary to determine if information is of a personal nature involves determining whether or not a reasonable person would find the information harmful or embarrassing.
Certainly, according to our information, Ms. Auten believes that she will be harmed or embarrassed by the release of the information contained in the letter of resignation. However, applying the "reasonable person" standard, I can find nothing inherently harmful or embarrassing in the statements. Ms. Auten cannot be harmed, in terms of retaliation, by her former employer since she is no longer under the employ of Pulaski County. Arguably, public release of the letter will also not affect the kind of employment reference Ms. Auten receives from Pulaski County since any animus resulting from the letter of resignation would exist regardless of whether or not the information is released publicly.
I also do not believe that a reasonable person would find the information embarrassing. "To cause to experience a state of self-conscious distress" is how Webster's Seventh New Collegiate Dictionary defines "embarrass". While a reasonable person might believe Ms. Auten would be made self-conscious by the attention of the news media and the general public, I do not believe the content of the letter would result in any embarrassment. Simply put, it is the act of releasing the letter that may cause embarrassment, not the content; and that is not the standard contemplated by the Court.
Since the information contained in statements four (4) and five (5) is neither harmful nor embarrassing, I do not believe it meets the criteria necessary to be considered "personal". If the information is not personal, there can be no invasion of personal privacy and, therefore, cannot be shielded from public release under the FOIA.
Resignation of Betty Hudson
Like the letter above, Ms. Hudson's statement of resignation can be divided into two categories of information: 1) the general statement of resignation; and 2) the justifications for the decision to resign.
For the reasons stated above, it is my opinion that the information contained in Ms. Hudson's letter is not of a personal nature, and that the letter is therefore subject to public inspection and copying.
In sum, it is my opinion that the release of the letters of resignation of Ms. Auten and Ms. Hudson would not constitute a clearly unwarranted invasion of personal privacy as prohibited by the FOIA.
Sincerely,
STEVE CLARK Attorney General
SC/jel
[1] A petition for rehearing has been filed in this case, but has not been acted upon by the Court as of this date.